## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

PROTEGRITY CORPORATION     )
     a Cayman Islands Company,     )
     )
Plaintiff,     )
     )     Civil Action No. 3:13-cv-01781-JBA
v.     )
     )
EPICOR SOFTWARE CORPORATION     )
     a Delaware Corporation,     )
     )
Defendant.     )
_____)

## PLAINTIFF'S (1) EMERGENCY[1] MOTION TO COMPEL EPICOR TO PRODUCE BRUCE SCHNEIER FOR DEPOSITION; (2) RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER [Dkt. 65]; AND (3) REQUEST FOR EXPEDITED STATUS CONFERENCE AT THE COURT'S CONVENIENCE

With a discovery deadline of January 7, 2015, rapidly approaching, Defendant's recent conduct is yet another improper attempt to prevent Protegrity from moving forward with litigation, which the Court should not permit Defendant to accomplish. Defendant's expert, Dr. Bruce Schneier, has provided an expert report. Pursuant to Federal Rule 26(b)(4)(A), Protegrity is entitled to depose him about the information stated within the report. However, Defendant has unilaterally imposed its own stay on discovery and has refused to participate in the proper progression of this litigation. Defendant's refusal to provide or allow discovery continues to prejudice Protegrity, especially in light of the parties' upcoming discovery deadline. The Court should deny Defendant's Motion to Quash and Motion for Protective Order and compel Defendant to produce Dr. Schneier for deposition prior to the discovery cutoff date of January 7,

---

[1] Pursuant to L.R. 7, Protegrity files this motion as an "emergency" as good cause exists for expedited consideration. Specifically, on February 21, 2014, the Court set deadlines requiring that all discovery be due by January 7, 2015, and sufficient time exists to take the noticed deposition prior to this deadline if this motion is ruled upon favorably to Protegrity.

2015, pursuant to his properly noticed deposition.

## BACKGROUND

On July 31, 2014, Defendant indicated that it had retained Dr. Schneier as an expert in this matter. *See* Exhibit A, July 31, 2014, email from William Cass to Woodrow Pollack. Subsequently, Defendant filed petitions for Covered Business Method ("CBM") review of the Patents-in-Suit, U.S. Patent Nos. 6,321,201 ("'201 Patent") and 8,402,281 ("'281 Patent"). On October 1, 2014, Dr. Schneier submitted an expert declaration in support of the CBM Petitions, setting forth his opinions as to the validity of the Patents-in-Suit based on 35 U.S.C. §§ 101, 102, and 103. *See* Exhibit B, Declaration of Bruce Schneier.  On November 13, 2014, Protegrity properly served a Subpoena to Testify at a Deposition in a Civil Action and a Notice of Deposition of Bruce Schneier for December 2, 2014. *See* Composite Exhibit C, Subpoena and Notice of Deposition of Bruce Schneier.  In response, Defendant objected to the deposition and informed the undersigned that it would not produce Dr. Schneier for deposition.  On December 1, 2014, the day before the deposition was scheduled to take place, Defendant filed a motion for protective order and motion to quash the subpoena.  [Dkt. 65].  Because Defendant is attempting to prevent a properly noticed deposition in this case, Protegrity requests the Court enter an order denying Defendant's motion and compelling Defendant to produce Dr. Schneier for his deposition.

## ARGUMENT

District Courts have broad discretion to control the manner in which discovery proceeds. Fed. R. Civ. P. 26.  Motions to compel discovery under Federal Rule 37(a) are committed to the sound discretion of the trial court. *See In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003); *Wood. v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005).    With regard to depositions, unless a party or witness

files a motion for a protective order and actually obtains an order granting the motion prior to the deposition, a party or witness cannot refuse to attend a properly noticed deposition. *See F.A.A. v. Landy,* 705 F.2d 624, 635 (2d Cir. 1983); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)("Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), F.R.Civ.P. [now 26(c)] is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon the discovery process. Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard."). A party that does not wish to comply with a notice of deposition must seek a protective order and obtain an order granting the same. *Robinson v. Quicken Loans, Inc.*, 2013 WL 1776100 (S.D. W.Va. Apr. 25, 2013). As a result, Defendant bears the burden to demonstrate to the Court that the notice is objectionable. *See id.*

## A. Protegrity Is Entitled to Take the Deposition of Dr. Schneier in this Proceeding and in the CBM Proceedings

Defendant states inapplicable law regarding discovery during review proceedings when it claims that depositions are not allowed during a CBM Review. The case relied on by Defendant, *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318 (Fed. Cir. 2013), related to taking a deposition in an *inter partes* reexamination. *See id.* at 1327; [Dkt. 65] at 7. *Inter partes* reexaminations were phased out as of September 16, 2012, by the America Invents Act to make way for the new *inter partes* review and post-grant review procedures. 37 C.F.R. § 1.913.

Here, the parties are not dealing with *inter partes* reexaminations. Rather, Defendant filed petitions for covered business method reviews of the Patents-in-Suit. A CBM Review is not an *inter partes* reexamination; therefore, Defendant's law is inapplicable and incorrect. In fact, a party is allowed to compel testimony of a witness during CBM Reviews. 37 C.F.R. §§

42.52 – 42.53. Thus, Protegrity would be fully in its rights to depose Dr. Schneier about the contents of his expert report during the CBM Review proceedings.

**B.     The Subpoena of Dr. Schneier is Proper and Should Not be Quashed**

Protegrity's notice of deposition is timely pursuant to the Court's set deadlines, which require that discovery be due by January 7, 2015.  *See* Exhibit D. The deadlines do not distinguish between fact discovery and expert discovery and the parties' Joint Report of Rule 26(f) Planning Meeting was never entered.  Indeed, the Court has set February 7, 2015 as the dispositive motion deadline.   Further, the deposition was noticed <u>after</u> Dr. Schneier's expert report was provided on October 1, 2014.  Therefore, the subpoena is not premature and should not be quashed.

Moreover, Defendant has not shown that the notice of deposition for Dr. Schneier was objectionable much less has it obtained an order granting a protective order prior to the properly noticed deposition. Defendant produced an expert report containing all the required components of Rule 26(a)(2)(B), entitling Protegrity to take his deposition under Rule 26(b)(4)(A). Deposing Dr. Schneier is reasonably calculated to lead to the discovery of admissible evidence, especially as it relates to the validity of the Patents-in-Suit.

Specifically, Dr. Schneier's deposition testimony is relevant to both the issues in this litigation and the issues raised in the CBM Petitions. All but one of the prior art raised in Defendant's CBM Petitions were raised in Defendant's Invalidity Contentions in these proceedings, which Defendant served on June 12, 2014.  *See* Exhibit E, relevant portions of Defendant's Invalidity Contentions.  As an affirmative defense, Defendant alleged invalidity of the Patents-in-Suit under 35 U.S.C. §§ 101, 102, 103, 112, and 119, and also alleged invalidity of the Patents-in-Suit as counterclaims.   [Dkt. 60].   Because Dr. Schneier was retained in this

litigation as well as retained for the CBM Petitions and because the invalidity issues overlap in both proceedings, Dr. Schneier's deposition testimony is directly relevant to Defendant's invalidity claims in this action and is discoverable in these proceedings.[2]   *See e.g. Huang v. Continental Tire The Americas, LLC*, 2011 WL 2620987, at \*6 (E.D. Mich. July 5, 2011) (granting discovery from related cases).   Additionally, the deposition of Dr. Schneier is directly relevant and necessary for Protegrity's preliminary response to Defendant's CBM Review Petition, which is due January 23, 2015.

As the party moving for protective order, Defendant had the burden of obtaining a Court order prior to refusing to produce the deponent.   Given that Protegrity served the notice of deposition almost three weeks prior to the scheduled deposition, Defendant had more than sufficient time to file an earlier motion for protective order and ask the Court for an expedited decision.   Instead, Defendant chose to delay and file its motion the day before the deposition was to be taken.   As a result, Defendant has no basis upon which to refuse to produce Dr. Schneier for deposition and is merely stonewalling Defendant from proceeding with discovery prior to discovery cutoff.

## C.      Request for Expedited Status Conference

Defendant has refused to participate in discovery at all in light of its *request* that the Court stay this matter.   But the Court has not entered any stay, and the parties are due to complete discovery by January 7, 2015.   Defendant's failure to participate has severely prejudiced Protegrity's ability to advance this matter.

Defendant refuses to produce its source code and user manuals. [Dkt. 50].   Defendant refuses to substantively respond to discovery requests (other than to state that it has asked for a

---

[2] Defendant itself admits that Dr. Schneier developed his opinions in "anticipation of litigation, for trial." [Dkt. 65] at 6, n.3.

stay of litigation). *See* Exhibit F Defendant's Response to Plaintiff's Second Set of Interrogatories, served November 24, 2014. Defendant now refuses to produce its own expert witness for deposition on an issue for which Defendant bears the burden of proof (validity). Protegrity reserves its rights for appropriate sanctions under Fed. R. Civ. P. 37, and requests an expedited status conference with the Court (at the Court's convenience) to discuss scheduling in light of Defendant's refusal to participate.

## CONCLUSION

Defendant has entered a unilateral stay of this litigation, without any basis in the rules or law. Protegrity respectfully requests that the Court compel Defendant to produce their expert for deposition in advance of the January 7, 2015 discovery cutoff and deny Defendant's motion for protective order and motion to quash. Protegrity further requests that the Court conduct an status conference to discuss the upcoming deadlines.

Date: December 11, 2014                                    Respectfully submitted,

                                                          */s/ Woodrow Pollack*
                                                          Woodrow H. Pollack, ct29409
                                                          Florida Bar No.: 026802
                                                          Stefan V. Stein, ct29408
                                                          Florida Bar No.: 300527
                                                          GRAY ROBINSON, P.A.
                                                          401 E. Jackson Street, Suite 2700
                                                          Tampa, FL 33602
                                                          (813) 273-5000
                                                          (813) 273-5415 (facsimile)
                                                          woodrow.pollack@gray-robinson.com
                                                          stefan.stein@gryay-robinson.com
                                                          *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

_____

PROTEGRITY CORPORATION      )
     a Cayman Islands Company,   )
                                          )
Plaintiff,                    )
                                          )     Civil Action No. 3:13-cv-01781-JBA
v.                       )
                                          )
EPICOR SOFTWARE CORPORATION  )
     a Delaware Corporation,     )
                                          )
Defendant.                  )
_____)

**AFFIDAVIT PURSUANT TO LOCAL RULE 37**

I, Woodrow H. Pollack, declare and state the following:

In a good faith effort to resolve the issues contained in this Motion without the intervention of the Court, I have conferred with opposing counsel on several occasions. Despite several emails and telephone calls regarding the deposition, the parties have not reached an agreement and Defendant has refused to produce Dr. Schneier for deposition.

December 11, 2014                                */s/ Woodrow H. Pollack*

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 11, 2014</u>, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow Pollack*
Woodrow Pollack
