UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTEGRITY CORPORATION, )<br>   a Cayman Island Company, )<br>                                                       )<br>           Plaintiff, ) | Civil Action No.: 3:13-cv-01781 (JBA) |
| v.                                                  ) | |
| EPICOR SOFTWARE CORPORATION )<br>   a Delaware Corporation, )<br>                                                       )<br>           Defendant. ) | |

**DEFENDANT'S OPPOSITION AND RESPONSE TO PLAINTIFF'S (1) EMERGENCY MOTION TO COMPEL EPICOR TO PRODUCE BRUCE SCHNEIER FOR DEPOSITION; (2) RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER [DKT. 65]; AND (3) REQUEST FOR EXPEDITED STATUS CONFERENCE AT THE COURT'S CONVENIENCE**

Defendant Epicor Software Corporation ("Epicor") respectfully submits this Opposition and Response to Plaintiff Protegrity Corporation's ("Protegrity") Emergency Motion to Compel Epicor to Produce Bruce Schneier for Deposition, Response in Opposition to Motion for Protective Order and Request for Expedited Status Conference.

Before addressing Protegrity's Emergency Motion, Epicor would like to confirm that it is also in favor of a status conference at the Court's convenience. Given the numerous motions pending in this matter and related matters, Epicor is in agreement that a status conference would be beneficial at this time.

I.     **INTRODUCTION**

This "Emergency" Motion is yet another premature and improper attempt by Protegrity to depose Epicor's retained expert, Mr. Bruce Schneier. There is no emergency and Protegrity's attempt to depose Mr. Schneier is premature both under the rules of this Court and under the rules of the Patent Trial and Appeal Board ("PTAB").

-1-

In particular, Mr. Schneier has not rendered an expert report in this litigation and under the Federal Rules of Civil Procedure, a report is required before an expert may be deposed. Rather, Mr. Schneier's declaration was submitted to the PTAB in support of Epicor's petitions for Covered Business Method ("CBM") review of U.S. Patent Nos. 6,321,201 and 8,402,208 (collectively, "the patents-in-suit"). As such, Mr. Schneier's declaration is subject to the rules of PTAB and, as discussed below, a deposition before the PTAB institutes review is premature. In addition, Protegrity has failed to comply with the rules of this Court by failing to confer with counsel for Epicor about this issue. Moreover, Protegrity argues "emergency" despite the fact that the issue is already before the Court. Accordingly, Protegrity's Motion to Compel Epicor to produce Bruce Schneier must be denied.

## II.     BACKGROUND

At issue is whether or not Protegrity may depose Mr. Bruce Schneier. Epicor retained Mr. Schneier as an expert in this case. On October 1, 2014, Mr. Schneier submitted a Declaration in support of Epicor's Petitions for CBM review of each of the patents-in-suit on the grounds of invalidity under 35 U.S.C. §§ 101, 102, and 103 filed with the PTAB of the United States Patent and Trademark Office ("USPTO"). (Dkt. 55).

On November 13, 2014—just over a month after Epicor filed its pending Motion to Stay this litigation [Dkt. 54]—Protegrity served a Subpoena to Testify at a Deposition in a Civil Action for Epicor's retained expert, Mr. Bruce Schneier. That same day, Protegrity served on Epicor's counsel a Notice of Deposition of Bruce Schneier scheduling the deposition of Mr. Schneier for December 2, 2014 at 9:00 am. On at least November 20, 2014, prior to the filing of this motion, Epicor met and conferred with Protegrity in good faith specifically requesting that the Subpoena and Notice of Deposition at issue here be withdrawn. Protegrity refused and on

December 1, Epicor timely filed its Motion to Quash the Subpoena of Bruce Schneier. Protegrity now moves to compel Epicor to produce Mr. Schneier.

Currently, numerous motions are pending before this Court in addition to Protegrity's Motion before the U.S. Judicial Panel on Multidistrict Litigation, to transfer all actions to the District of Connecticut and coordinate claim construction and *Markman* Proceedings. (Case MDL No. 2600, Dkt. 1). After that filing, four related cases pending in the Northern District of California were stayed. On November 12, 2014, the Court entered an Order staying *Square, Inc. v. Protegrity Corp.,* 3:14cv03423-JD; *Skyhigh Networks v. Protegrity Corp.,* 3:14cv-03151-JD; *Protegrity Corp., v. Informatica Corp.,* 3:14cv02588-JD; and *Protegrity Corp. v. Dataguise, Inc.,* 3:14cv04283-JD. The Order states as follows "[I]n light of the fact that Protegrity has filed a motion with the JPML for coordinated or consolidated claim construction proceedings in cases pending in various districts, including this case, the Court stays this case pending disposition of Protegrity' motion."

Epicor has also filed a Motion to Stay the Litigation [Dkt. No. 54]. All briefing on this issue has been completed as of November 12, 2014. Additionally, Epicor currently has a Motion to Compel More Definite Infringement Contentions [Dkt. No. 38] pending, as well as a Motion for Expedited Status conference to discuss discovery issues [Dkt. No. 54]. On September 16, 2014 Protegrity filed a Motion to Compel Discovery [Dkt. No. 50] which is also currently pending before the Court.

### III.   ARGUMENT

Protegrity's "Emergency" Motion is nothing more than a frivolous attempt to circumvent the rules of the PTAB. There is absolutely no urgency surrounding the deposition of Bruce Schneier. Indeed, Protegrity's attempt to compel his deposition is premature in a number of

ways.  Significantly, Mr. Schneier has not submitted an expert report in this litigation, but rather he has provided a declaration in support of Epicor's Petitions for CBM review of U.S. Patent Nos. 6,321,201 and 8,402,281 before the PTAB.

### A. Protegrity is Attempting to Circumvent the Rules of Trial Practice Before the Patent Trial and Appeal Board

Discovery in CBM review proceedings is very limited.  *See* 37 C.F.R. §§ 42.224(b) and 42.300.  The rules are very clear – a patent owner is prohibited from filing any testimonial evidence with their preliminary response.  Rather, such evidence may be filed at later points in the proceedings, such as with the patent owner's response in cases where CBM review is granted.  *See* 37 C.F.R. §§ 42.300 and 42.51 ("Upon the institution of a trial, parties may automatically take discovery of the information identified in the initial disclosures"); *see also,* 37 C.F.R. § 42.53(b)(1) ("Uncompelled direct testimony may be taken at any time to support a petition, motion, opposition, or reply**; otherwise, testimony may only be taken during a testimony period set by the Board"**)(emphasis added).  Moreover, where a party is seeking to compel testimony or the production of documents, it "must file a motion for authorization."  37 C.F.R § 42.52.

Here, the PTAB has not instituted a review, let alone set a testimony period.  Accordingly, Protegrity's Motion is premature and lacks any urgency whatsoever.  Additionally, instead of filing a motion for authorization with the PTAB as required, Protegrity seeks to evade the PTAB all together and ask this Court to rule on a motion improperly brought before it.  Protegrity has blatantly ignored the rules of trial practice before the PTAB set forth in Title 37 Chapter 42 of the Code of Federal Regulations and as such its Motion must be denied.

### B. The Deposition of Bruce Schneier is Premature in this Litigation

In it Motion, Protegrity incorrectly asserts that Mr. Schneier has provided an expert report.  *See* Dkt. No. 68, p. 1.  As discussed above, Mr. Schneier has not prepared an expert report in this litigation, and furthermore he has not been designated as a testifying expert at this point in time.

As outlined in Epicor's Memorandum in Support of its Motion for Protective Order and Motion to Quash [Dkt. No. 64], Federal Rule of Civil Procedure 26(b)(4) requires that depositions of experts occur only <u>after</u> the production of the expert report.  The deposition of Mr. Schneier is thus premature in the litigation as well, and lacks any sudden urgency especially given the numerous pending issues in this matter.  The subpoena of Mr. Schneier should therefore be squashed.

### C. Protegrity is in Violation of the Local Rules of this Court

Protegrity has filed this instant motion with complete disregard of the rules the PTAB and the rules of this Court.  Protegrity has not shown good cause for seeking "emergency" relief as required by D. Conn. L.R. 7(a)(3).  Moreover, Protegrity has failed to comply with the requirements set forth in D. Conn. L.R. 37(a) as it filed its motion without conferring with counsel for Epicor.  Accordingly, Protegrity's motion should be denied.

### IV.   <u>CONCLUSION</u>

For the foregoing reasons, Epicor respectfully requests that this Court deny Plaintiff's Emergency Motion to Compel Epicor to Produce Bruce Schneier for Deposition and grant Epicor's Motion for a Protective Order and Motion to Quash the Subpoena of Mr. Schneier.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 12, 2014 | /s/  *William J. Cass*  <br>William J. Cass, ct12806 <br>wcass@cantorcolburn.com <br>Andrew C. Ryan, ct21565 <br>ryan@cantorcolburn.com <br>Tasia E. Hansen, ct29498 <br>thansen@cantorcolburn.com <br>Herbert M. Bedingfield, ct29559 <br>hbedingfield@cantorcolburn.com <br>Cantor Colburn LLP <br>20 Church Street, 22nd Floor <br>Hartford, Connecticut 06103 <br>Telephone: (860) 286-2929 <br>Facsimile: (860) 286-0115 <br><br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I certify that on December 12, 2014 a true and correct copy of the foregoing document was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *William J. Cass*
William J. Cass